IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OCTAVIUS CHYNE COX, #013646 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-12-3719 |
| BARRY WILLIAMS, *Judge* | * | |
| Respondent | * | |

***

**MEMORANDUM**

The above-captioned self-represented case was filed on December 19, 2012, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because he appears to be indigent, Petitioner's motion shall be granted. Although the pleading was filed on pre-printed forms for use in filing a civil rights complaint under 42 U.S.C. § 1983, the content of the allegations are in the nature of a habeas corpus challenge to Petitioner's current confinement. Thus, the case has been construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.

Plaintiff is confined at Clifton T. Perkins Hospital after being found incompetent to stand trial on July 31, 2012, in a criminal case emanating from the Circuit Court for Baltimore City. He claims the criminal charges should be dismissed or placed on the stet docket, because his rights to a speedy trial were violated. ECF No. 1 at 3.

In order to seek habeas corpus relief, Petitioner must demonstrate exhaustion of state court remedies before this Court may hear his claim. Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if a petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. See Dickerson v. Louisiana, 816 F.2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the

state courts.  See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, Petitioner has a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located.  See Md. Health Gen. Code Ann., § 10-805(a) and (b).  Denial of an application for release may be appealed.  See id., §10-805(h).  Petitioner has not challenged his commitment order in state court.  Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights.  See Moore v. DeYoung, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); Drayton v. Hayes, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); see also Younger v. Harris, 401 U.S. 37 (1971).

A separate Order follows.

January 3, 2013                                                              /s/
                                                            _____
                                                            George L. Russell, III
                                                            United States District Judge